IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                               Plaintiff,<br><br>v.<br><br>Webster Batista Fernandez,<br><br>                               Defendant. | No. CR-21-00955-PHX-DLR<br><br>**FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge Michael T. Morrissey on April 21, 2022 with the written consents of Defendant, counsel for the Defendant, and counsel for the United States of America.

The hearing on Defendant's plea of guilty was in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court. In consideration of that hearing and the statements made by the Defendant under oath, on the record, and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the charge to which the plea is offered and the elements of the offense(s) to which Defendant is pleading guilty;

(2) that Defendant understands the rights to trial by jury, to persist in a plea of not guilty, to the presumption of innocence, to the assistance of counsel at trial and all stages of the proceeding, to confront and cross-examine adverse witnesses, to present evidence, to compel the attendance of witnesses, and the right against compelled self-incrimination;

(3) that Defendant understands the maximum possible penalty, and any applicable mandatory minimum penalty, for each offense to which Defendant is pleading guilty, including imprisonment, fine and supervised release; that Defendant understands the effect of the supervised release term; and that Defendant understands the Court's authority to order restitution and its obligation to impose a special assessment;

(4) that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and that Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5) that Defendant's plea of guilty has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement;

(6) that Defendant is competent to plead guilty;

(7) that Defendant understands that statements under oath may later be used against Defendant in a prosecution for perjury or false statement;

(8) that Defendant understands that by pleading guilty Defendant waives the right to a jury trial;

(9) that Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and voluntarily waived those rights;

(10) that Defendant is satisfied with counsel's representation; and

1   (11)   that there is a factual basis for Defendant's plea.

**I RECOMMEND** that the Court accept Defendant's plea of guilty.

**IT IS ORDERED** that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within 14 days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered.  No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the Court.  Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of Defendant.  Character letters or a notice of service of such letters shall not be filed electronically unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any sentencing memoranda must be filed at least 7 business days prior to the sentencing date.  Responses are due 3 business days prior to the sentencing date.  Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue sentencing filed fewer than 14 days before sentencing are disfavored.  If either party intends to call a

speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least 3 business days in advance.

Dated this 22nd day of April, 2022.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge