# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00955-001-PHX-DLR |
| Plaintiff, | |
| vs. | **ORDER OF FORFEITURE** |
| Webster Batista Fernandez, | |
| Defendant. | |

As a result of defendant's guilty plea to Count 1 of the indictment charging the defendant with Conspiracy, a Class D felony, in violation of Title 18, United States Code (U.S.C.) § 371 and Count 2 charging the defendant with Wire Fraud, a Class C felony in violation of Title 18, U.S.C. § 1343, and the defendant admitted to the forfeiture allegations contained in the Indictment and First Bill of Particulars and agreed to forfeit to the United States as stated in the Plea Agreement the following Subject Property:

(1) Real property located at 1725 W. Burnside Trail, Phoenix, Arizona 85085; Lot 35, Sonoran Foothills Parcel 19, according to Book 697 of Maps, page 18, records of Maricopa County, Arizona. Tax ID: 204-25-154;

(2) $2,600.04 seized from PNC Bank Business Checking Account No. ending 2252;

(3) $452.08 seized from PNC Bank Business Account No. ending 2279;

(4) $68,046.22 seized from PNC Bank Business Savings Account No. ending 4623;

(5) $218,241.64 seized from JPMorgan Chase Bank Account No. ending 7351;

(6) 2017 Tesla C 100D, VIN: 5YJXCAE27HF070324;

(7) 2014 BMW i8; VIN: WBY2Z2C51EVX64286;

(8) $141,424.63 seized from National Bank of Arizona Account No. ending 3869;

(9) $589,833.27 seized from Fifth Third Bank Account No. ending 8358.

The Court has determined that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c). The Government has established the requisite nexus between the Subject Property and the offense to which the defendant pled guilty. The Court finds that the defendant has forfeited all right, title and interest defendant may have in the Subject Property.

Upon the entry of this Order, the United States is authorized to seize the Subject Property and to conduct any discovery to identify, locate or dispose property that is subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Any person asserting a legal interest in the Subject Property must, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of any alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the defendant's sentencing and shall be included in the sentence and judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any

additional facts supporting the petitioner's claim and the relief sought, and serve a copy upon JENNIFER LEVINSON, Assistant United States Attorney.

After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 12th day of May, 2022.

_____
Douglas L. Rayes
United States District Judge