THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CJVLL 54, 7.1(a)(1)
(Rule Number/Section)

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JAN 16 2024
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT COURT OF ARIZONA

| | |
|---|---|
| UNITED STATES ) | Case No. CR-21-00955-001-PHX-DLR |
| ) | |
| v. ) | |
| ) | |
| WEBSTER BATISTA FERNANDEZ ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANT"S MOTION PURSUANT TO 18 U.S.C. 3582(c)

AMENDMENT'S 821 AND USSG 1B1.10 Fed. Reg. 60534-002

Comes Now, Defendant in this matter, Webster Batista Fernandez, hereinafter [Mr. Batista], proceeding pro se at this juncture respectfully submits the herein motion for a sentence reduction under 18 U.S.C 3582 (c)(2),in light of the amendments 821 to the Sentencing Guidelines which took effect on November 1, 2023. This motion is based on part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines. See 88 Fed. Reg. 38254-01, 28271. In addition Mr. Batista is proceeding pro se and he is unlettered in law, is indigent, and requests Counsel be appointed to assist in this case in addition.

## BACKGROUND

The Defendant was indicted charging him with "Conspiracy" and "Wire Fraud".

The Defendant pleaded guilty to 2 Counts; on 08/14/2023, An offense level of 30 had a range between 97-121 months; the Defendant was sentenced to a term of imprisonment of 46 months, followed by a term of supervised release of three years.

## DISCUSSION

On april 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress an amendment to the federal sentencing guidelines often referred to as "Amendment 821" or the "2023 Criminal History Amendment." The proposed amendment took effect on November 1, 2023. On august 24, 2023, the commission voted to give retroactive effect to Part A and Subpart 1 of Part B of Amendment 821.

Eligible incarcerated individuals are able to ask courts to reduce their sentences beginning November 1, 2023. Individuals whose requests are granted by the courts can be released from prison no earlier than February 1, 2024. See Fed. Reg. 28254-01, 28271.

This section provides as follows:

Section 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.---If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under Section 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by Section 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under Section 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or Section 3A1.5 (Serious Human Rights Offense); and Criminal History;

(10) the defendant did not receive an adjustment under Section 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. Section 848;

decrease the offense level determined under chapters Two and Three by 2 levels.

The defendant asserts that he meets all criteria, making him eligible for the minus 2 level reduction of his Sentencing guidelines to reflect in a lower sentence.

## BASIC GUIDELINE CALCULATIONS AND SENTENCING ISSUES

At the Sentencing hearing on 08/14/2023, an offense level of 30 had a range between 97-121 months of imprisonment; the Court sentenced Mr. Batista to 46 months of imprisonment followed by a three years supervised release.

There are other factual reasons the court should assess. Some of these occurred since the conviction and initial sentencing, and are reviewed below.

An important point of law is that post-offense/post-conviction conduct and facts can be accounted for in sentencing.

Upon arrival At FCI Oakdale II, It didn't take long Mr. Batista to turn his life around. From the onset, he felt embarrassed and ashamed of his actions that led to his criminal activity, remorse lay heavy on his conscience. He quickly applied himself to becoming a better version of himself and focused on his decision-making and the consequences of hurting, others, his family and himself.

From the onset of his incarceration, he has signed up for every possible program available, he already did some programs like: he is still on the waiting list to be called for the following programs: Spanish GED; ACT WorkKeys; Hooked on Phonics; Green Jobs; Anger Management; Basic Cognitive Thinking; Criminal Thinking; in addition he is on the waiting list for Psychology classes as well. His intent and desire to reform started from the onset of his prison sentence, unfortunately due to dire staff shortages and a large population, the waiting list for programming is long.

Also, from the onset of his incarceration, almost immediately, he began to apply himself to rehabilitating himself, trying to maintain a healthy life by doing daily exercises; reading good and gospel book to know better about the God's Word; from the start he had try to stay out of trouble, he's trying to had a good re-entry after his incarceration to be a better person. Mr. Batista has learned his lesson being away from his wife, his daughter and his whole family.

Due to his unblemished behavior, Mr. Batista has earned the right to be housed at FCI Oakdale II, a

Low-Security Facility that he is housed at. In addition, The BOP has categorized the defendant as a Low Recidivism Level on the First Step Act (FSA); he has a projected release date on 02/03/2025.

Such commitment to positive behavior and reform while incarcerated, although not dispositive of a new sentence, should inform the Court's discretion that such conduct demonstrates rehabilitation, and negates the need for his full period of incarceration, as Mr. Batista has shown he is unlikely to re-offend, therefore will not and cannot be a threat to society.

In Pepper v. United States, 562 U.S. 476 (2011), the United States Supreme Court addressed the question of whether a district court can consider postsentencing rehabilitation evidence at resentencing. In conducting its analysis, the Court pointed out that the Sentencing Commission expressly incorporated 18 U.S.C. Section 3661 into the Guidelines. Id. at 488-89. Section 3661 provides that "[i]n determining the sentence to impose with the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." 18 U.S.C. Section 3661. Accordingly, the Court concluded that "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Pepper, 562 U.S. at 490

## CONCLUSION

Petitioner, Mr. Batista, humbly request that this Honorable Court GRANT his motion for a sentence reduction as authorized and warranted under 18 U.S.C 3582(c)(2), and adjust his prison sentence to a new low one that this Honorable Court consider Appropriate In the alternative, Petitioner requests an Oral Argument be set and to appoint Assistance of Counsel.

Dated: this 09 day of January, 2024

Webster Batista Fernandez
Reg. No: 74950-509
FCI Oakdale II
P.O Box 5010
Oakdale, LA 71463

APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. SECTION 1915

I, Webster Batista, hereby request the appointment of Counsel. The defendant asserts that he is at a request, he is proceeding pro se, is unlettered in the law, is indigent. In addition, the defendant does not have access to his PSI report and or any other sealed documents that may be needed in this action. Therefore, he requests the assistance of counsel to evaluate his eligibility, Counsel may need access to sealed case records, which requires a written order from the Court.

WHEREFORE, Mr. Batista respectfully requests appointment of Counsel be Granted.

_____
Webster Batista

Batista W.
Reg. No. 74950-509
FCI Oakdale II
P.O. Box 5010
Oakdale, LA. 71463



LEGAL MAIL

U.S. District Court
401 West Washington street, Room 130
Phoenix, AZ. 85003