GARY M. RESTAINO
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
E-mail: Monica.Klapper@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     vs.<br><br>Webster Batista Fernandez,<br><br>           Defendant. | CR-21-00955-001-PHX-DLR<br><br>**OPPOSITION TO PRO SE MOTION FOR SENTENCE REDUCTION** |

As directed by this Court's order dated February 6, 2024, the United States responds in opposition to Defendant Fernandez's request for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines.  (Doc. 124.)  This Court should deny Defendant's request for several reasons:  (1) he expressly waived his right to bring this motion in his plea agreement; (2) he doesn't qualify as a zero-point offender under U.S.S.G. § 4C1.1 because two of the enumerated disqualifiers apply to him; and (3) a reduction to his guideline range under the amendments would not result in a decrease to his sentence in any event.  Accordingly, the government requests this Court to summarily deny his motion based on any or all of these reasons.

**I.      Brief Summary of Amendment 821**

The Sentencing Commission ordered that two amendments to the Sentencing Guidelines effective November 30, 2023 apply retroactively to give district courts the discretion to reduce the sentences of previously sentenced inmates. U.S.S.G. Amend. 821;

U.S.S.G. § 1B1.10(d).  First, amended U.S.S.G § 4A1.1(e), referred to as the "status points" provision, reduces the number of criminal history points previously added to the criminal history calculation for defendants who commit an offense while under another criminal sentence.  U.S.S.G. Amend. 821, part A (2023).  Second, U.S.S.G § 4C1.1, a new section applicable to defendants with no criminal history points ("zero-point offenders"), reduces the offense level for defendants who have no criminal history points and meet other eligibility criteria. *Id.*, part B, subpart 1.  The second amendment is at issue in this case.

Under 18 U.S.C. § 3582(c)(2), district courts have the discretion to reduce a term of imprisonment in these two instances after considering the sentencing factors in 18 U.S.C. § 3553 and the policy statements issued by the Sentencing Commission. *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (outlining two-step approach to sentence reduction under § 3582(c)(2)—eligibility analysis followed by exercise of discretion in evaluating sentencing factors under 18 U.S.C. § 3553).

**II.     This Court should deny Defendant's Motion for a Sentence Reduction.**

In this case, Defendant Fernandez requests a reduction as a "zero-point offender"—i.e., having no criminal history points.  (Doc. 121.)  The Federal Public Defender's Office has elected not to file a supplemental response.  (Doc. 122.)  By memorandum dated January 29, 2024, the probation department has concluded that Defendant is ineligible for a sentence reduction.

By way of background, Defendant pleaded guilty April 21, 2022 to one count of conspiracy under 18 U.S.C. § 371 and one count of wire fraud under 18 U.S.C. § 1343.  (Doc. 99.)  This Court sentenced Defendant on August 15, 2023 to a below-guidelines sentence of 46 months.  (Doc. 112.)  This Court adopted the guidelines calculation set forth in the PSR, which resulted in a total offense level of 30, criminal history category of I, and a guideline range of 97 to 121 months in prison.  (Doc. 105, Statement of Reasons.)  As part of the calculation, Defendant was given four offense levels for his role as an organizer or leader under U.S.S.G. § 3B1.1(b). (Doc. 76, ¶ 41.)  Additionally, the PSR detailed Defendant's actions in directly causing financial losses to approximately 30 musicians of

more than $20 million. (Doc. 76 ¶¶ 6–24.) The PSR also included several victim impact statements recounting the financial harm suffered by specific victims. (Doc. 76 ¶¶ 26–32.)

### A.  Defendant waived his statutory right to seek a sentence reduction.

The express terms of Defendant's plea agreement provide that he has waived his right to file any "motion that challenges . . . any aspect of the defendant's sentence, including the manner in which the sentence is determined, including . . . any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)." (Doc. 99 ¶ 6.)

When a plea agreement is otherwise valid and a defendant is aware of and expressly waives review rights, the waiver is knowing and voluntary—and it is binding. *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2012) (addressing waiver of appellate rights); *see also United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (upholding a broad waiver of appeal rights). A knowing and voluntary appellate waiver "is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised." *Watson*, 582 F.3d at 986. "The scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement." *Id*. In *Watson*, the court upheld a broad waiver in which the defendant agreed "to waive *any right* [he] may have to appeal *any aspect* of [his] sentence." *Id*. (emphasis added).

The same analysis applies to the waiver of the right to seek a sentence modification under 18 U.SC. § 3582(c)(2), as Defendant does here. *See United States v. Medina-Carrasco*, 815 F.3d 457, 459 (9th Cir. 2016) (appellate waiver covering "any aspect of the defendant's sentence—including the manner in which the sentence is determined and any sentencing guideline determinations . . . and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)" was valid and enforceable); *United States v. Malone,* 503 F. App'x 499, 500 (9th Cir. 2012) (recognizing binding nature of defendant's waiver of right to seek sentence reduction in plea agreement).

In this case, the magistrate judge found that Defendant entered into his plea agreement and waived his review rights knowingly and voluntarily, and this Court adopted those findings. (Docs. 41, 42.) This Court should apply the waiver provision and deny the

sentence-reduction motion on this basis.[1]

### B. Fernandez is disqualified from a sentence reduction under U.S.S.G. § 4C1.1.

Waiver aside, even though Defendant has no criminal history points, he is not an eligible zero-point offender for at least two reasons. A defendant is eligible for a reduction only if he demonstrates that he is not disqualified by any of the factors enumerated in 4C1.1(a)(2) through (a)(10). Subsection (a)(6) requires that "the defendant did not personally cause substantial financial hardship." Defendant cannot make that showing here, and the PSR affirmatively shows that just the opposite is true. The PSR contains an impact statement from a representative of 37 of the 30,000-plus victims recounting that that "the royalties stolen by the co-defendants . . . affected their ability to support themselves" and noted that "most of [the artists] are 'middle class' and . . . live day-to-day from their music royalties." (Doc. 76 ¶ 28.) The impact was aggravated "during the pandemic in 2020 and 2021, when the artists were not able to play concerts, they depended on music royalties to make up for their lost income." (*Id.*) The PSR also references a statement from a victim whose husband and daughter were faced with serious medical issues during the time that Defendant was stealing her income—resulting in depression, anxiety, and debt. (Doc. 76 ¶ 29.)

Additionally, subsection (a)(10) requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise . . . ." In this case, Defendant received a 4-level increase under § 3B1.1 for his supervisory role in the offense. (Doc. 76 ¶ 41.) Thus, Defendant clearly cannot make that showing and is ineligible on this basis, too.

---

[1] In the interest of justice, the government is not pursuing this waiver argument when it determines that a defendant does qualify for a sentence reduction under Amendment 821.

### C. Defendant is ineligible for a reduction under U.S.S.G. § 1B1.10 based on his below-guidelines sentence.

Finally, Defendant is ineligible because his sentence is already less than he would receive with a two-level reduction in his offense level under § 4C1.1. Defendant's total offense level was 30, with a range of 97–121 months. If Defendant were eligible for a reduction under § 4C1.1, he would receive a two-level reduction—resulting in an offense level of 28, with a range of 78–97 months. His sentence of 46 months is already well below the low-end of a reduced guideline range, and he is therefore not eligible for a reduction to his sentence in any event. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

Accordingly, the United States respectfully requests this Court to deny Defendant's request for a sentence reduction.

Respectfully submitted this 16th day of February, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Monica B. Klapper*
Monica B. Klapper
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, thereby transmitting a Notice of Electronic Filing to all parties who are CM/ECF registrants:

I further certify that a participant in this case is not a registered CM/ECF user. I have mailed the foregoing document by regular First-Class Mail, postage prepaid, for delivery, to the following non-CM/ECF participant:

Webster Batista Fernandez
Reg. No. 74950-509
FCI Oakdale II
Federal Correctional Institution
P.O. Box 5010
Oakdale, LA 71463
*Pro Se Defendant*

*s/ Brian Wolfe*
Legal Assistant
U.S. Attorney's Office