**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Webster Batista Fernandez,<br><br>          Defendant. | No. CR-21-00955-001-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's Motion Pursuant to 18 U.S.C. 3582(c) (Doc. 121), wherein Defendant seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. The essence of Defendant's motion is that he seeks a reduction as a "zero-point offender"—that is someone who has no criminal history points. The motion is fully briefed and for the reasons set forth herein is denied.

**I.    Background**

After entering into a plea agreement, Defendant was sentenced, on August 15, 2023, to a below guidelines sentence of 46 months, on one count of conspiracy and one count of wire fraud. At sentencing, the Court adopted the Guideline calculations in the pre-Sentence Report ("PSR"). In its guideline calculation, the Court found the offense level to be 30 and the criminal history category to be I and a guideline range of 97 to 121 months in prison. The calculations included four offense levels for Defendant's role as an organizer or leader under U.S.S.G. § 3B1.1(b). The PSR detailed financial losses of more than $20 million caused by Defendant to approximately 30 musicians.

## II. Discussion

In his plea agreement, Defendant expressly waived his right to bring this motion. When he pled guilty before magistrate judge, the magistrate judge found that Defendant entered into his plea agreement and waived his review rights knowingly and voluntarily, and this Court adopted those findings. (Docs. 41, 42.) Because of the express waiver provision in the plea agreement Defendant has waived his right to seek a sentence reduction. A knowing and voluntary appellate waiver is "enforceable if the language in the waiver encompasses his right to appeal on the grounds raised." *United States v. Watson,* 582 F.3d 974, 986 (9th Cir. 2009). The appellate waiver in the plea agreement is enforceable and valid when it covers "any aspect of the defendant's sentence including the manner in which the sentence is determined and any sentencing guideline determinations . . . and any right to file a motion for modification of sentence including under 18 U.S.C. § 3582(c)" *United States v. Medina-Carrasco*, 815 F.3d 457, 459 (9th Cir. 2012.)

Not only has Defendant waived his right to seek a sentence reduction, he is not eligible to bring a zero-offender motion because he fails to demonstrate that he is not disqualified by any other factors set forth in U.S.S.G § 4C1.1. A defendant is eligible for a reduction only if he is not disqualified by any of the factors set forth in 4C1.1(a)(2) through (a)(10). Defendant is disqualified by subsection (a)(6). The impact statement of a representative of 37 victims explains that the royalty money stolen by the co-defendants affected the victims' ability to support themselves. (Doc. 76 ¶ 28.) The impact on the victims was magnified "during the pandemic in 2020 and 2021, when the artists were not able to play concerts [and] depended on music royalties to make up for their lost income." (*Id.*)

Subsection (a)(10) also disqualifies Defendant from a sentence reduction. It requires that the "defendant did not receive an adjustment under § 3B1.1 . . . and was not engaged in a continuing criminal enterprise." U.S.S.G. § 4C1.1(a)(10). Here, Defendant received a 4-level increase under § 3B1.1 for his supervisory role in the offense.

Finally, Defendant's below guideline sentence disqualifies him. His guideline range was 97–121 months, but he was sentenced 46 months. If he were to receive a § 4C1.1 reduction, it would be a two-level reduction. With such a reduction, his guideline range would be 78–97 months, well above the sentence he received. Therefore, he is not eligible for a reduction in his sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A).

**IT IS ORDERED** that Defendant's Motion Pursuant to 18 U.S.C. 3582(c) (Doc. 121) is **DENIED**.

Dated this 1st day of March, 2024.

Douglas L. Rayes
United States District Judge